# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEAMFITTERS UNION, LOCAL 420 WELFARE FUND, STEAMFITTERS UNION, LOCAL 420 PENSION FUND, STEAMFITTERS UNION, LOCAL 420 SUPPLEMENTAL RETIREMENT PLAN, STEAMFITTERS UNION, LOCAL 420 APPRENTICESHIP TRAINING FUND, SCHOLARSHIP FUND OF STEAMFITTERS LOCAL UNION NO. 420, STEAMFITTERS UNION, LOCAL 420 INDUSTRY ADVANCEMENT FUND, and LOCAL UNION NO. 420 PIPING INDUSTRY POLITICAL AND EDUCATION FUND 14420 Townsend Road Philadelphia, PA 19154, <br><br>and<br><br>LOCAL UNION NO. 420 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA 14420 Townsend Road Philadelphia, PA 19154,<br><br>       Plaintiffs,<br>v.<br><br>CMS MECHANICAL CONTRACTING, LLC 7 Humphreys Drive Ivyland, PA 18974,<br><br>and<br><br>DANIEL VANBUSKIRK CMS Mechanical Contracting, LLC 7 Humphreys Drive Ivyland, PA 18974,<br><br>      Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO. |

## COMPLAINT

Steamfitters Union Local No. 420 Welfare Fund (hereinafter "Welfare Fund"), Steamfitters Union Local No. 420 Pension Fund (hereinafter "Pension Fund"), Steamfitters Union Local No. 420 Supplemental Retirement Plan (hereinafter "SRP"), Steamfitters Union Local No. 420 Apprenticeship Training Fund (hereinafter "Apprenticeship Fund"), Scholarship Fund of the Steamfitters Local Union No. 420 (hereinafter "Scholarship Fund"), Steamfitters Union Local 420 Industry Advancement Fund (hereinafter "Industry Advancement Fund"), Local Union No. 420 Piping Industry Political And Education Fund (hereinafter the "PIPE Fund"), and the Local Union No. 420 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (hereinafter the "Union") for their Complaint herein respectfully allege as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1), (b), and (c) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§1132 (a)(3)(B), (d)(1) and (f) and §1451(a)(1), (b), and (c), respectively, and §301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because all of the Plaintiffs and the Defendants have offices in Pennsylvania.

### PARTIES

3. At all times relevant hereto, Plaintiffs Welfare Fund, Pension Fund, SRP, Apprenticeship Fund, and Scholarship Fund (hereinafter collectively, the "ERISA Funds") are

2

trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2), and (3).

4. Plaintiff Industry Advancement Fund is a fund created for the purpose of fostering and advocating the interests of the servicing industry in the air conditioning and refrigeration fields.

5. Plaintiff PIPE Fund is an unincorporated association established pursuant to 2 U.S.C. § 431 et. seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election, and/or appointment of individuals for political office.

6. Plaintiff Union is an unincorporated association commonly referred to as a labor union and is the exclusive representative for the purposes of collective bargaining of certain employees of Defendant CMS Mechanical Contracting, LLC (hereinafter "CMS." or "Employer") who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6), and (7), 185(a) and 1002 (4), (11), and (12).

7. The ERISA Funds, the Industry Advancement Fund, PIPE Fund, and the Union maintain their principal places of business and are administered from offices listed in the caption which are located in the Eastern District of Pennsylvania.

8. Defendant CMS is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6), and (7), 1002(5), (11), and (12) which maintains the business address listed in the caption.

9. Defendant Daniel VanBuskirk (hereinafter "VanBuskirk") is the President and chief officer of the Defendant CMS.

## BACKGROUND

10.     Defendant CMS was and is bound by the collective bargaining agreements between the Mechanical & Service Contractors Association of Eastern Pennsylvania, Inc. and the Union that was and is effective between May 1, 2020, and April 30, 2023 ("CBA"). A true and correct copy of the CBA is attached hereto as Exhibit A.

11.     Pursuant to the CBA, CMS agreed:

(a)     to make full and timely payments to the ERISA Funds, Industry Advancement Fund, PIPE Fund, and the Union by the tenth working day of each calendar month;

(b)     to file monthly remittance reports with the ERISA Funds, Industry Advancement Fund, PIPE Fund, and the Union listing all employees for whom contributions were due under the collective bargaining agreements and the total number of hours each such employee worked during that month;

(c)     to produce, upon request by the ERISA Funds, Industry Advancement Fund, PIPE Fund, and/or the Union, individually or jointly, all books and records deemed necessary to conduct an audit of the Employer's record concerning its obligations to the Funds, the Association, and/or the Union; and

(d)     to pay interest, liquidated damages, audit fees, and all costs of litigation, including attorneys' fees expended by the ERISA Funds, Industry Advancement Fund, PIPE Fund, and the Union to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations as described in subparagraphs (a), (b), or (c).

See Exhibit A at Article IX (pp. 18-23).

## COUNT ONE
## DELINQUENT CONTRIBUTIONS
### Plaintiffs v. CMS

12. The above paragraphs are incorporated herein by reference as though duly set forth at length.

13. CMS submitted remittance reports documenting that $13,370.52 in contributions and remittances were due for the month of July 2022. A true and correct copy of the July 2022 and August 2022 reports are attached hereto as Exhibit B.

14. Despite submission of that report, CMS failed and refused to pay the delinquent amount by the August 12, 2022 payment deadline.

15. CMS also submitted remittance reports documenting that a total of $8,870.28 in contributions and remittances are due for the month of August 2022, with payment due on September 15, 2022. Exhibit B.

16. In or around August 2022, employees of Defendant CMS informed the Plaintiffs that CMS was going out of business.

17. On August 23, 2022, Plaintiffs, through their attorney, sent a letter to Defendant CMS, to the attention of Defendant VanBuskirk, by both regular mail and email. In the letter, Plaintiffs demanded immediate payment of the delinquent July 2022 contribution, plus interest and liquidated damages, as well as payment of the August 2022 contribution. A true and correct copy of the August 23, 2022 letter is attached hereto as Exhibit C.

18. Notwithstanding the demands for payment, CMS has failed and refused to pay the delinquent July 2022 contribution, interest, and liquidated damages due thereupon, or the August 2022 contribution.

19. CMS's refusal to submit payments and reports breaches the terms of the CBA and constitutes a delinquency under ERISA, 29 U.S.C. § 1145.

20. In addition to the delinquent principal, CMS owes interest, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2), Article IX, Section 8 of the CBA (Exhibit A, p. 22).

WHEREFORE, Plaintiffs ask that the Court to enter Judgment against Defendant CMS in favor of the Plaintiffs for:

(1) $22,240.80 in delinquent principal contributions for the months of July 2022 and August 2022, as well as any additional principal contributions that become due during the pendency of this action, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(A);

(2) Interest on the delinquent principal contributions, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(B);

(3) Liquidated damages on the delinquent principal contributions, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(C);

(4) Reasonable attorneys' fees and costs, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and

(5) Any other further relief the court finds just and proper.

## COUNT TWO
### DELINQUENT CONTRIBUTIONS
### ERISA Funds v. Daniel VanBuskirk

21. The above paragraphs are incorporated herein by reference as though duly set forth at length.

22. Article IV, Section 1(g) of the Pension Fund's Trust Agreement, as amended on January 17, 2008, Article IV, Section 1(g) of the Welfare Fund's Trust Agreement, as amended on January 17, 2008, Article IV, Section 1(g) of the SRP's Trust Agreement, as amended on January 17, 2008, Article IV, Section 1(f) of the Apprenticeship Fund's Trust Agreement, as amended on March 3, 2008, and Article X, Section F of the Scholarship Fund's Trust Agreement, as amended on March 3, 2008, (collectively, the "Trust Agreements") define Fund assets as follows:

> Fund Assets means: (1) such sums of money that have been or will be paid, or which are due and owing to the Fund by covered Employers as required by Collective Bargaining Agreements of Participation Agreements…

True and correct copies of the above quoted pages from the Trust Agreements are attached hereto as Exhibit D.

23. CMS is a "covered Employer" within the meaning of the Trust Agreements as it is a signatory to a collective bargaining agreement that requires it to contribute to the various ERISA Funds. See Exhibit A.

24. As the president and chief officer of the Employer, Defendant VanBuskirk was ultimately responsible for preparing, reviewing, authorizing payment, and submitting monthly reports and contributions to the ERISA Funds. In that capacity, Defendant VanBuskirk exercised control over the disposition of monies that became plan assets immediately upon the monthly contribution due date.

25. Defendant VanBuskirk maintained both formal and practical authority to direct that proper contributions be paid to the ERISA Funds at all times relevant hereto.

26. Defendant VanBuskirk exercised authority and control over the management and disposition of the ERISA Funds' assets.

27. As a result of exercising control and management over the ERISA Funds' assets, Defendant VanBuskirk is a fiduciary under ERISA.

28. Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries… for the exclusive purpose of… providing benefits to [them]." 29 U.S.C. §1104(a)(1).

29. A fiduciary who uses plan assets to satisfy other personal or business obligations breaches his/her fiduciary duty under ERISA.

30. Because Defendant VanBuskirk willfully and intentionally used the ERISA Funds' plan assets contained within his personal accounts and the accounts of CMS for purposes other than the exclusive purpose of providing benefits to the ERISA Funds' participants and beneficiaries, VanBuskirk breached his fiduciary duty to the ERISA Funds.

31. Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore the plan any profits of such fiduciary which have been made through the use of assets by the plan fiduciary[.]" 29 U.S.C. §1109(a).

32. Defendant VanBuskirk is jointly and severally liable with CMS for the principal contributions due to the ERISA Funds, as well as interest, liquidated damages, attorneys' fees and costs, and audit fees thereupon.

WHEREFORE, Plaintiffs ask that the Court:

(1) Declare that Defendant VanBuskirk is a fiduciary of the ERISA Funds by virtue of his exercise of control of plan assets and that Daniel VanBuskirk be found in breach of his fiduciary duties;

(2) Enter judgment in favor of the ERISA Funds and against Defendant VanBuskirk, jointly and severally with CMS, for the principal amounts due to the ERISA Funds in Count One, plus interest, liquidated damages, and attorneys' fees and costs.

CLEARY, JOSEM & TRIGIANI, LLP

BY: /s/ *Jeremy E. Meyer*
WILLIAM T. JOSEM, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: September 12, 2022